# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-22-00471-CR

---

**Bryan Jarett Riepl, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2015-451, THE HONORABLE STEPHANIE BASCON, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

A jury convicted appellant Bryan Jarett Riepl of the offense of driving while intoxicated with two prior DWI convictions. *See* Tex. Penal Code § 49.04, .09. The district court assessed punishment, which was enhanced by a prior conviction for another felony, at twenty years' imprisonment. *See id*. § 12.42(a). Riepl filed a motion for new trial, which was overruled by operation of law. This appeal followed.

Riepl's court-appointed counsel on appeal has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 744 (1967). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See id*. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). Counsel has certified to this Court that she has provided Riepl with a copy of the motion and brief, advised him of his right to examine the appellate record and file a pro se response, and

supplied him with a form motion for pro se access to the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). No pro se brief or other response has been filed. Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *See Penson*, 488 U.S. at 80; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

The jury heard evidence that on the afternoon of May 23, 2015, Texas Highway Patrol Trooper David Kral was patrolling River Road, a two-lane roadway that "winds its way up and down the Guadalupe River" in Comal County, when he observed a white SUV drive past him in the opposite lane of traffic at a rate of speed that Kral believed to be over the posted speed limit of 20 miles per hour.[1] Kral turned his patrol car around and proceeded to follow the SUV. While following the vehicle, Kral observed it cross over both the double yellow line separating the two lanes of traffic (the road did not have a median) and the white line separating the roadway from "the dirt" (the road did not have an improved shoulder). After following the SUV for several minutes, Kral initiated a traffic stop on the vehicle. A video recording of the stop, taken from Kral's patrol-car dash camera, was admitted into evidence and played for the jury. On the recording, the white SUV can be seen on multiple occasions failing to stay within its lane, consistent with Kral's testimony.

After initiating the traffic stop, Kral and another officer approached the vehicle and contacted the driver, who was later identified as Riepl. Kral asked for Riepl's driver license, which Riepl was unable to produce, and asked him to step out of the vehicle. Kral testified that

---

[1] Kral had not activated his radar at the time and thus did not know the speed at which the SUV was traveling, but he testified that he was able to "visually estimate" the speed based on his training, experience, and how quickly the SUV passed his patrol car.

Riepl hit his head on the car door as he exited. Kral directed Riepl to the front of his patrol car, where he questioned him about his activities that day. During Kral's questioning, Riepl admitted to drinking "two or three" beers a couple of hours before the stop. Kral then had Riepl perform field sobriety tests, specifically the horizontal-gaze-nystagmus (HGN) test, the walk-and-turn test, and the one-leg-stand test. Kral testified that he observed several "clues" indicating that Riepl was intoxicated, including six clues on the HGN test, five clues on the walk-and-turn test, and two clues on the one-leg-stand test. After that, Kral arrested Riepl for driving while intoxicated.

Following the arrest, Kral requested a specimen of Riepl's blood. Riepl refused, and Kral obtained a search warrant to draw Riepl's blood. Riepl was transported to a hospital, where his blood was drawn by registered nurse Laura Lewis, who testified about the blood draw. Riepl's blood was analyzed by Department of Public Safety (DPS) forensic scientist Jamie Mraz, who testified that the blood-alcohol content of the specimen was .239 grams of alcohol per 100 milliliters of blood. A copy of the laboratory report showing the blood alcohol level was admitted into evidence.

Other evidence included copies of two certified judgments of conviction showing that Riepl had two prior convictions for the offense of driving while intoxicated, once in May 2008 and again in November 2008. A copy of Riepl's driving record from DPS, showing Riepl's prior DWI convictions, was also admitted into evidence.

At the conclusion of trial, the jury found Riepl guilty of driving while intoxicated with two prior DWI convictions as charged. Following a hearing on punishment, at which evidence was admitted regarding Riepl's prior conviction for another felony and testimony was

admitted from several witnesses for both the State and the defense, including Riepl, the district court sentenced Riepl to twenty years' imprisonment as noted above.

We have reviewed the record and counsel's brief. We agree with counsel that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. We grant counsel's motion to withdraw and affirm the judgment of conviction.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Theofanis

Affirmed

Filed:   May 31, 2023

Do Not Publish